**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JONIKA K. NELSON**                                                                  **PLAINTIFF**

**V.**                                                                  **NO. 4:26-CV-17-RPC-DAS**

**ALLSTATE VEHICLE & PROPERTY**
**INSURANCE CO., et al**                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Jonika K. Nelson's ("Nelson") Motion to Join Trustmark Bank as a Required Party Under Rule 19 and to Remand [Doc. 18]. The Court having considered the briefs of the parties and the applicable law, finds that the Motion to Join Trustmark Bank and to Remand is **GRANTED in part** and **DENIED in part** for the reasons outlined below.

### FACTS AND PROCEDURAL HISTORY

On November 17, 2024, a fire occurred at Nelson's home located at 813 Cannon Street in Greenville, Mississippi, resulting in a total loss of the property and its contents. At the time of the fire, Nelson maintained homeowner's insurance through Allstate Vehicle and Property Insurance Company ("Allstate") and promptly filed a claim. Nelson contends that she fully cooperated with Allstate's subsequent investigation and provided all requested information and documentation. Nevertheless, Allstate denied the claim, based on allegations of arson and/or intentional destruction of the property, as well as and alleged misrepresentations. After coverage was denied, Trustmark Bank ("Trustmark"), which holds a valid lien on the property as the mortgagee, filed suit in the Circuit Court of Washington County against Nelson to quiet title and to judicially foreclose on the property.[1]

---

[1] *See **Trustmark Bank v. Jonika K. Nelson and the Unknown Heirs of Annie Mae Walker, Deceased**,* bearing Cause No. 2026-0059.

On December 31, 2025, Nelson filed suit against Allstate in the Washington County Circuit Court. [2] In her Complaint [Doc. 2], Nelson alleged that Allstate "incorrectly, negligently, and unfoundedly" denied payment of proceeds under the homeowner's insurance policy, thereby breaching its obligations and causing her injury and damage.

On February 11, 2026, Allstate removed the action to this Court. Thereafter, on March 17, 2026, Nelson filed an Amended Complaint [Doc. 12] asserting claims for breach of contract, bad faith refusal to pay, negligence and gross negligence, emotional distress, and punitive damages. Specifically, Nelson alleged that, despite her cooperation and the existence of coverage under the policy, Allstate wrongfully denied her claim based upon allegations of arson and/or intentional destruction of the property, and that Allstate's conduct was intentional, grossly negligent, and in reckless disregard of her rights. *Id.*

On April 21, 2026, Nelson filed a Motion to Join Trustmark Bank Under Rule 19 and to Remand [Doc. 18] arguing that Trustmark, as the mortgagee, maintains an interest in this matter and must be joined as a required party pursuant to Rule 19 of the Federal Rules of Civil Procedure. Allstate filed its Response in opposition of Nelson's motion on May 13, 2026.

### STANDARD OF REVIEW

Nelson seeks to join Trustmark as a defendant pursuant to Federal Rule of Civil Procedure 19 and to remand this action to state court on the ground that Trustmark's joinder defeats this Court's subject matter jurisdiction. *See* [Doc. 19]. "Federal courts are courts of limited jurisdiction." ***Strawberry Missionary Baptist Church v. Church Mut. Ins. Co. Found., Inc.***, No. 3:17-CV-155-SA-JMV, 2017 WL 4678221, *1 (N.D. Miss. Oct. 17, 2017). Consistent with that

---

[2] Allstate Insurance Company, as opposed to Allstate Vehicle and Property Insurance Company, was also named as a party in the suit but was dismissed on March 3, 2026.

principle, "[a]fter removal of a case, the plaintiff may move for remand, and if it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." ***Id***.

In determining whether joinder is required under Rule 19, "the court accepts all allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party and may also consider evidence submitted by the movant." ***Miles v. State Farm Fire & Cas. Co.***, No. 1:24-CV-14-DMB-DAS, 2025 WL 2199875 (N.D. Miss. Aug. 1, 2025). "The burden of proof starts with the movants, but if at first glance it appears a possibly necessary party is absent, the burden shifts to the nonmovant to dispute that initial appraisal of the facts." ***Lee v. Anthony Lawrence Collection, L.L.C.***, 47 F.4th 262, 265-66 (5th Cir. 2022) (internal citations omitted). Importantly, the inquiry focuses on "whether the absent party claims a non-frivolous interest, not the ultimate merit of the claim." ***Id***. "There is no precise formula for deciding whether joinder is required under Rule 19(a); instead, determinations under the Rule are heavily influenced by the particulars of individual cases." ***Manning v. Manning***, 304 F.R.D. 227, 230 (S.D. Miss. 2015).

<u>**ANALYSIS**</u>

### A. Joinder under F.R.C.P. 19

Federal Rule of Civil Procedure 19 prescribes a two-step framework for compulsory joinder. ***Id***. "First, it sets forth the standard employed to determine whether it is necessary that a court join an absent party to the action when feasible." ***Id***. Pursuant to Rule 19(a)(1)(A) – (B), a party is "required" if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

   (i)    as a practical matter impair or impede the person's ability to protect the interest; or

> (ii)     leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id*.  Nelson argues that Trustmark's joinder is required pursuant to Rule 19(a)(1)(A) and Rule 19(a)(1)(B)(ii).  The parties do not dispute, and the Court agrees, that Trustmark maintains a valid lien on the property as the mortgagee, and that the mortgagee clause within the subject policy created independent contractual rights in favor of Trustmark.  *See* [Docs. 18, 27 at p. 6 (¶18)].

The facts of this matter are analogous to those presented in ***Miles***, in which the Court examined whether mortgagees were required to be joined as parties or, alternatively, provided notice and an opportunity to intervene.  ***Miles***, 2025 WL 2199875 at *1.  In ***Miles***, the Court held that the plaintiffs and Cadence Bank shared "the same ultimate interest in the outcome of the action because if payment is owed under the dwelling coverage of the policy, Cadence Bank, as mortgagee under the policy, would be entitled to be included in such payment based on the unambiguous policy language, including the mortgage clause." *Id*. at *4.  As in ***Miles***, Trustmark maintains an interest in the subject property by virtue of its mortgagee status and is therefore a required party pursuant to Rule 19.  *Id*. *see also **Thompson v. Bankers & Shippers Ins. Co. of New York***, 479 F. Supp. 956, 958 (N.D. Miss. 1979) (citing ***Utica Hillcrest Manor Corp. v. Phoenix Insurance Co.***, 165 F.Supp. 189 (S.D.N.Y.1958)) ("any recovery of damagers covered by the insurance policy was payable to the insured and to the mortgagee."); ***Gibson v. Scottsdale Ins. Co.,*** No. CV 23-6331, 2024 WL 382431, *4 (E.D. La. Feb. 1, 2024).

Furthermore, Trustmark's absence from this action could expose Allstate to the risk of multiple or inconsistent obligations.  Should Nelson recover under the policy without Trustmark being joined, Trustmark would retain the ability to bring an independent action against Allstate to satisfy the lien, precisely the circumstance that Rule 19(a)(1)(B)(ii) is designed to prevent.  The

Court in *Miles* reached the same conclusion, finding that Cadence bank was "a required party under Rule 19 because as a mortgagee its absence could expose State Farm to multiple suits if the Mileses recover from State Farm but Cadence Bank's lien is not satisfied." *Miles*, 2025 WL 2199875 at *4. The Court finds that this reasoning applies with equal force here. Accordingly, the Court finds that Trustmark is a required party under Rule 19(a)(1)(A) and Rule 19(a)(1)(B)(ii).

### i.        Whether Joinder is Feasible and Appropriate?

Because the Court has determined that Trustmark is a required party under Rule 19(a), the next question is whether joinder is feasible. In other words, the Court must determine whether Trustmark may be joined without defeating subject-matter jurisdiction. Rule 19(b)'s[3] indispensability analysis becomes relevant only when a required party cannot be joined. *See Evanston Ins. Co. v. Kinsale Ins. Co.*, No. 7:17-CV-327, 2018 WL 4103031, *7 (S.D. Tex. July 12, 2018) ("If the court cannot gain jurisdiction over the necessary party, the court must address certain factors under Rule 19(b) to determine whether adjudicating the dispute in the absence of the necessary party can be done in equity and good conscience, or if the case should be dismissed due to the inability to join the indispensable party.") (internal citations omitted)). Nelson argues that Trustmark's joinder would destroy diversity jurisdiction and therefore requires remand. Allstate opposes both the joinder and request for remand. The Court finds that joinder of Trustmark under these circumstances is feasible and an analysis of the Rule 12(b) factors is not necessary.

---

[3] Rule 19(b) "sets forth four factors for deciding whether the court should allow the litigation to proceed when the joinder of an otherwise required party is not feasible because it would destroy subject matter jurisdiction or violate venue principles." *Manning*, 304 F.R.D. at 230 (citing Rule 19(b)(1)-(4)).

Where, as here, joinder of a required party is sought after removal, the Court must additionally consider 28 U.S.C. § 1447(e)[4], which grants district courts discretion to deny joinder or permit joinder and remand the action. *Id*. In exercising that discretion, courts consider equitable factors, including whether joinder is sought principally to defeat federal jurisdiction and whether denial of joinder would substantially prejudice the parties. *See **Mayes v. Rapoport***, 198 F.3d 457, 462 (4th Cir. 1999).

Critically, the threshold issue is not merely whether Trustmark must be joined, but how Trustmark should be aligned upon joinder. ***See Miles***, 2025 WL 2199875 at *4 ("federal courts have a duty to ensure that the parties are properly aligned, and, if necessary, they must carry out that duty sua sponte as long as there is a collision of interest between the parties in question.") (internal citations omitted). "Whether realignment is warranted is to be determined by plaintiff's principal purpose for filing its suit." ***Jackson HMA, Inc. v. St. Paul Fire & Marine Ins. Co.***, 246 F. Supp. 2d 535, 537 (S.D. Miss. 2003). Courts within this district have consistently recognized that realignment is the appropriate procedural mechanism to ensure that party designations accurately reflect the parties' true interests in the litigation. *See **Manning***, 304 F.R.D. at 231 ("the Court must align the parties according to the purpose of the suit and the primary and controlling matter in dispute.").

Trustmark's interests in this litigation are aligned with Nelson's, not Allstate's. Both Nelson and Trustmark both stand to benefit under the policy and from a determination that coverage exists. As the court explained in ***Thompson***, "since the action is based upon the insurance company's refusal to pay under the terms of the policy, the interests of the financial institution

---

[4] 28 U.S.C. § 1447(e) states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." ***Id***.

coincide with those of the plaintiffs." **Thompson**, 479 F. Supp. at 958. Likewise, in **Miles**, the court concluded that Cadence Bank, a required party under Rule 19, could be realigned as a plaintiff because its interests were identical to those of the insureds. **Miles**, 2025 WL 2199875 at *4. The Court finds that the same reasoning applies here. Trustmark's interest as mortgagee is to secure payment under the policy sufficient to satisfy its lien. That interest is entirely consistent with Nelson's objective of obtaining coverage under the policy. Accordingly, Trustmark's proper alignment is as a plaintiff rather than a defendant.

Once properly aligned, Trustmark's joinder does not destroy complete diversity. Nelson's argument that its joinder necessarily defeats federal jurisdiction presupposes that Trustmark must be aligned as a defendant. The Court rejects that premise. Because Trustmark's interests coincide with Nelson's, realignment as a plaintiff is appropriate and preserves diversity jurisdiction. *See* **Jackson**, 246 F. Supp. 2d at 538 ("This realignment creates complete diversity of citizenship, requiring the Court to deny Plaintiffs' Motion to Remand."); **Miles**, 2025 WL 2199875 at *4. Because Trustmark can be joined without defeating federal jurisdiction, Rule 19(b)'s indispensability inquiry is unnecessary. The Court therefore concludes that joinder is both feasible and appropriate and that neither dismissal nor remand is warranted.

Having determined that Trustmark is a required party that should be joined and realigned as a plaintiff, the Court must nonetheless afford Trustmark an opportunity to determine whether it wishes to actively participate in this litigation. In **O'Keefe v. State Farm Fire & Casualty Co.**, the court recognized that a mortgagee, though required to be joined under Rule 19, may choose whether to actively participate in the litigation, and that the court may fashion appropriate relief accordingly. No. 1:08CV600-HSO-LRA, 2009 WL 10676932 at *2 (S.D. Miss. Sept. 18, 2009).

Similarly, in ***Federal Insurance Co. v. Singing River Health System***, the court declined to compel active participation by absent parties whose interests might be affected by the litigation, observing that those parties were in the best position to determine whether their interests were adequately protected and noting that none had sought to intervene. No. 1:15CV236-LG-RHW, 2015 WL 6454873, at *4 – 5 (S.D. Miss. Oct. 26, 2015). The court further emphasized that forcing participation would require those individuals to incur litigation expenses without their consent and observed that they remained free to intervene if they concluded their interests were not being adequately represented. ***Id***.

Consistent with that approach, Nelson is directed to join Trustmark as a necessary party and notify Trustmark no later than June 17, 2026, of its joinder. Upon notification, should Trustmark elect to participate, it is directed to file an appropriate pleading consistent with the Federal Rules of Civil Procedure within thirty (30) days of joinder. Should Trustmark decline to participate, it shall notify the Court and the parties of its election not to actively participate in this litigation. Trustmark shall nonetheless remain a party pursuant to F.R.C.P. 19(a)(2) to this action and be bound by any judgment entered herein but shall not be required to take any affirmative litigation steps.

Trustmark's joinder as a plaintiff preserves this Court's diversity jurisdiction while ensuring that complete relief may be accorded among all interested parties and that Allstate is protected from the risk of multiple or inconsistent obligations that Rule 19 seeks to prevent. *See* ***Miles***, 2025 WL 2199875 at *4.

## CONCLUSION

For foregoing reasons, the Court finds that Trustmark is a required party under Federal Rule of Civil Procedure 19(a)(1)(A) and Rule 19(a)(1)(B)(ii) by virtue of its status as mortgagee

under the subject insurance policy. Because Trustmark's interests are aligned with those of Nelson rather than Allstate, Nelson is directed to join Trustmark as a necessary party plaintiff and notify Trustmark on or before **June 17, 2026,** of its joinder. Trustmark shall provide notice to this Court as to how it wishes to proceed within thirty (30) days of joinder. Accordingly, Nelson's Motion to Join and Remand is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it seeks joinder of Trustmark as a required party pursuant to Rule 19. The motion is **DENIED** to the extent it seeks remand of this action to state court, as Trustmark's proper alignment as a plaintiff preserves this Court's subject matter jurisdiction under 28 U.S.C. § 1332.

Trustmark shall be joined as a plaintiff in this matter and shall be afforded thirty (30) days from joinder to file a pleading consistent with the Federal Rules of Civil Procedure, or alternatively, to notify the Court and the parties of its election not to actively participate in this litigation. The Court shall retain jurisdiction over this matter.

This the 2nd day of June, 2026.

_____
**UNITED STATES DISTRICT COURT JUDGE**