**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JONIKA K. NELSON**                                                          **PLAINTIFF**

**V.**                                                          **NO. 4:26-CV-17-RPC-DAS**

**ALLSTATE VEHICLE & PROPERTY
INSURANCE CO., et al**                                                          **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Allstate Vehicle and Property Insurance Company's ("Allstate") Motion to Dismiss Certain Courts in Plaintiff Jonika K. Nelson's ("Nelson") Amended Complaint [Doc. 14].  The Court having considered the briefs of the parties and the applicable law, finds that the Motion to Dismiss is **GRANTED in part and DENIED in part** for the reasons outlined below.

<u>**FACTS AND PROCEDURAL HISTORY**</u>

On November 17, 2024, a fire occurred at Nelson's home located at 813 Cannon Street in Greenville, Mississippi, resulting in a total loss of the property and its contents.  At the time of the fire, Nelson maintained homeowner's insurance through Allstate and promptly filed a claim.  Nelson contends that she fully cooperated with Allstate's subsequent investigation and provided all requested information and documentation.  Nevertheless, Allstate denied the claim, based on allegations of arson and/or intentional destruction of the property, as well as alleged misrepresentations.  After coverage was denied, Trustmark Bank ("Trustmark"), which holds a valid lien on the property as the mortgagee, filed suit in the Circuit Court of Washington County against Nelson to quiet title and to judicially foreclose on the property.[1]

---

[1] *See **Trustmark Bank v. Jonika K. Nelson and the Unknown Heirs of Annie Mae Walker, Deceased***, bearing Cause No. 2026-0059.

On December 31, 2025, Nelson filed suit against Allstate in the Washington County Circuit Court. [2] In her Complaint [Doc. 2], Nelson alleged that Allstate "incorrectly, negligently, and unfoundedly" denied payment of proceeds under the homeowner's insurance policy, thereby breaching its obligations and causing her injury and damage.

On February 11, 2026, Allstate removed the action to this Court. Thereafter, on March 17, 2026, Nelson filed an Amended Complaint [Doc. 12] asserting claims for breach of contract, bad faith refusal to pay, negligence and gross negligence. She also sought punitive and emotional distress damages for Allstate's alleged refusal to pay without a reasonably arguable basis and without conducting a reasonable investigation. Specifically, Nelson alleged that, despite her cooperation and the existence of coverage under the policy, Allstate wrongfully denied her claim based upon allegations of arson and/or intentional destruction of the property, and that Allstate's conduct was intentional, grossly negligent, and in reckless disregard of her rights. *Id*.

On March 31, 2026, Allstate filed a Motion to Dismiss Certain Counts in Nelson's Amended Complaint [Doc. 14], seeking dismissal of all of Nelson's extracontractual claims. Specifically, Allstate seeks dismissal of Nelson's claims for bad faith, negligence, and gross negligence as well as her request for emotional distress and punitive damages. Allstate contends the claims should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

## STANDARD OF REVIEW

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." ***Pryor v. Gregory***, No. 3:25-CV-237-RPC-JMV, 2026 WL 1180477, *1 (N.D. Miss. Apr. 30, 2026) (internal

---

[2] Allstate Insurance Company, as opposed to Allstate Vehicle and Property Insurance Company, was also named as a party in the suit but was dismissed on March 3, 2026. *See* [Doc. 8].

citations omitted).  The Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff.  *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Sanders v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:22-CV-164-DMB-DAS, 2023 WL 2543160, *1 (N.D. Miss. Mar. 16, 2023) (quoting *Henley v. Biloxi H.M.A., L.L.C.*, 48 F.4th 350, 353 (5th Cir. 2022)).  "[T]he Court will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Triumph Church of God in Christ v. Church Mut. Ins. Co.*, No. 5:21-CV-6-KS-JCG, 2021 WL 1519510, *1 (S.D. Miss. Apr. 16, 2021). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id*.

## ANALYSIS

Allstate moves to dismiss all of Nelson's claims except her breach of contract claim, arguing that she has failed to plead sufficient facts to support them.  Specifically, Allstate contends that Nelson's extracontractual allegations are "nothing more than unadorned, the "defendant-unlawfully-harmed-me accusations" that do not satisfy the pleading requirements set forth in Rule 8(a)[3] of the Federal Rules of Civil Procedure.  *See* [Doc. 15].  The Court addresses each claim in turn.

### I.       Bad Faith Refusal to Pay Claim

"Although styled as a tort, an action for bad faith breach of contract is created by contract and requires proof of a breach of contract."  ***Gore, Kilpatrick & Dambrino, PLLC v. Spinnaker***

---

[3] Rule 8(a) provides that a pleading that states a claim for relief must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

*Ins. Co.*, No. 4:25-CV-107-DMB-DAS, 2026 WL 915742, *6 (N.D. Miss. Mar. 31, 2026). In her Amended Complaint [Doc. 12], Nelson contends that Allstate acted in bad faith by: denying her claim without a reasonably arguable or legitimate basis, failing to conduct a reasonable and adequate investigation before denying the claim, and that denial of the claim was intentional, malicious, and in reckless disregard of her rights. *Id*.

"A party seeking to establish a bad faith claim has a heavy burden of proof." *Gore*, 2026 WL 915742 at *6. In order to prevail, Nelson must plead sufficient facts that plausibly show that "[(1)] the insurer lacked an arguable or legitimate basis for denying the claims, or that the [(2)] insurer committed a willful or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *Sanders*, 2023 WL 2543160 at *2. "The Mississippi Supreme Court has held that an arguable basis is one in support of which there is some credible evidence." *Baker v. Allstate Indem. Co.*, No. 1:23-CV-57-SA-RP, 2024 WL 2925744, *2 (N.D. Miss. June 10, 2024). Moreover, "bad faith requires a showing of more than bad judgment or negligence; indeed, bad faith implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Nelson v. Allstate Prop. & Cas. Ins. Co.*, No. 5:23-CV-95-DCB-LGI, 2024 WL 965615, *2 (S.D. Miss. Mar. 6, 2024) (internal citations omitted). Nelson alleges that:

> [Allstate] denied Plaintiff's claim based upon allegations of arson and/or intentional destruction of the property and alleged misrepresentations.

> [T]hat such allegations are incorrect, unfounded, and unsupported by any reasonable or adequate investigation.

> Despite its obligations under the policy, [Allstate] refused to pay the insurance proceeds owed for the covered fire loss.

> [Allstate's] refusal to pay was made without a reasonably arguable basis and without conducting a reasonable investigation.

> [Allstate's] conduct was wrongful, intentional, grossly negligent, and in reckless disregard of Plaintiff's rights.

*See* [Doc. 12]. These allegations, however, are insufficient to withstand dismissal because Nelson has not alleged any factual foundation to support them. Specifically, Nelson has pled no facts explaining why Allstate's determination was "incorrect, unfounded and unsupported" nor has she provided any facts supporting her contention that Allstate did not conduct a reasonable or adequate investigation. Nelson's amended complaint offers no factual basis, showing why the denial was allegedly wrong. *See **Stokes v. Allstate Vehicle & Prop. Ins. Co.***, No. 4:25-CV-60-DMB-DAS, 2026 WL 353430 (N.D. Miss. Feb. 9, 2026) ("The complaint does not mention the alleged reason Allstate denied paying the Stokes more or why the amounts they were paid constitute bad faith."). In addition, Nelson fails to present a factual basis to support her contention that Allstate's conduct was intentional, grossly negligent, wrongful, and in reckless disregard of her rights.

This case is distinguishable from cases such as ***Williams v. Allstate Indemnity Co.***, in which the court denied the insurer's motion to dismiss, finding that the plaintiff had pled sufficient facts to call into question whether the insurer had an arguable basis for its coverage decision. No. 4:22-CV-79-DMB-DAS, 2022 WL 17254306, *4 (N.D. Miss. Nov. 28, 2022). In ***Williams***, the plaintiff specifically alleged that it had provided Allstate with evidence that its property was not vacant, and that Allstate ignored that evidence and denied the claim anyway. *Id*. at *3. Those allegations gave the Court a factual foundation upon which to question Allstate's arguable basis for its coverage decision. Nelson has pled no comparable facts here. Her allegations are entirely conclusory and provide the Court with no factual basis to question Allstate's arguable basis for its coverage decision. *See also **Baker***, 2024 WL 1200433 at *4 ("Baker's Amended Complaint included factual allegations that Allstate gave her incorrect information about her policy and why it denied her claim."); ***Sanders***, 2023 WL 2543160 at *2 ("Though the complaint alleges Allstate

lacked a legitimate, arguable reason for the subject denial, it does not allege any *facts* to support that conclusory assertion.").

Accordingly, because Allstate does not challenge the breach of contract claim at this stage and because Nelson has failed to plead sufficient facts, Nelson's bad faith claim is dismissed without prejudice.

## II.    Negligence/Gross Negligence Claims

Nelson argues that Allstate owed her a duty to properly investigate and evaluate her insurance claim, and that Allstate "breached that duty by negligently and/or recklessly handling the claim and denying coverage based upon unfounded allegations." [Doc. 12]. While the Court recognizes that "[i]nsurers have a duty to perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation," *see **Cook v. Allstate Vehicle & Prop. Ins. Co.***, No. 1:24-CV-148-GHD-DAS, 2024 WL 4594233, *2 (N.D. Miss. Oct. 28, 2024) (internal citations omitted) "a breach of contract claim is the proper cause of action when an insurance company fails to adequately investigate a claim." ***Baker***, 2024 WL 1200433, *3. A negligence claim, on the other hand, "requires a duty of care fixed by law and *independent of* the contract." ***Id***. Because Nelson's negligence claim is premised entirely on Allstate's alleged failure to adequately investigate her claim, which is not independent of her breach of contract claim, she has not alleged an independent legal duty sufficient to sustain a negligence cause of action. [Doc. 12]. Nelson's negligence claim is therefore dismissed with prejudice for failure to state a claim.

The Court likewise finds that Nelson has failed to plead sufficient facts to support the gross negligence claim. "The Mississippi Court of Appeals has defined gross negligence as that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." ***Cook***, 2024 WL

4594233 at *2. To survive dismissal, a plaintiff bears the burden of showing that the defendant "acted willfully, wantonly, or with reckless disregard of the consequences to the plaintiff." *Id*. at *3. "Merely reciting the words, grossly negligent, in the Complaint is insufficient to survive a Rule 12(b)(6) motion under ***Twombly***[4], ***Iqbal***[5], and their progeny." ***Luckett v. Allstate Indem. Co.***, No. 3:18-CV-00275-HTW-LRA, 2019 WL 1447477, *9 (S.D. Miss. Mar. 30, 2019); *see also* ***Deloach v. Allstate Vehicle & Prop. Ins. Co.***, No. 4:18-CV-141-DMB-RP, 2019 WL 1440298, *4 (N.D. Miss. Mar. 29, 2019) ("Conclusory allegations of gross negligence are insufficient to establish liability against an insurer."). Nelson has pled no facts demonstrating that Allstate acted willfully, wantonly, or with reckless disregard of her rights. Her claim for gross negligence is therefore dismissed without prejudice.

### III. Damages Claims

#### A. Damages for Emotional Distress

Nelson contends that as a result of Allstate's conduct she suffered emotional distress, mental anguish, and other non-economic damages. To recover damages for emotional distress in a breach of contract action "the plaintiff must show (1) that mental anguish was a foreseeable consequence of the particular breach of contract, and (2) that he or she actually suffered mental anguish." ***Cook***, 2024 WL 4594233, *3. Importantly, "[b]efore a court can conduct that analysis, however, there must be a valid breach of contract." ***Id***. Because Allstate's alleged breach of contract has not yet been adjudicated, it would be premature to dismiss the claim at this stage. Accordingly, Nelson's emotional distress claim survives dismissal.

#### B. Punitive Damages

---

[4] ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[5] ***Ashcroft v. Iqbal***, 555 U.S. 1030, 129 S. Ct. 618, 172 L. Ed. 2d 454 (2008).

Nelson also seeks punitive damages, contending that Allstate's conduct was willful, malicious, and demonstrated a reckless disregard for her rights. "An insured is only entitled to punitive damages if an insurer denied or delayed payment on a claim in bad faith." *Triumph*, 2021 WL 1519510 at *2. To prevail on a punitive damages claim, "the plaintiff must establish that: 1. [t]he insurer lacked an arguable or legitimate basis for denying the claim, and 2. [t]he insurer committed a willful or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 708 (5th Cir. 2020). As discussed above, Nelson has failed to plead sufficient facts to establish that Allstate lacked an arguable basis for its coverage decision or that Allstate acted willfully or with reckless disregard. Because Nelson cannot sustain her bad faith claim, her request for punitive damages likewise fails. Accordingly, Nelson's punitive damages claim is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Allstate's Motion to Dismiss is **GRANTED in part and DENIED in part**. Specifically, Nelson's bad faith, gross negligence, and punitive damages claims are dismissed without prejudice for failure to state a claim. The negligence claim is dismissed with prejudice. Nelson's request for emotional distress damages survives dismissal because it is premature at this stage of the litigation. Allstate did not challenge Nelson's breach of contract claim in its motion, and that claim also remains pending before the Court.

Although Nelson's bad faith, gross negligence, and punitive damages claims are dismissed, the Court recognizes that dismissal with prejudice at this juncture would be premature. "While the court can dismiss a deficient pleading, it should provide at least one opportunity to cure pleading deficiencies before dismissing the case." *Sanders*, 2023 WL 2543160 at *3 (internal citations omitted). "Because it is not clear that the deficiencies identified here are incurable," the

Court will afford Nelson the opportunity to replead. *Id*. Accordingly, Nelson is granted fourteen (14) days from the date of this Memorandum Opinion and Order to amend her complaint in accordance with the Federal Rules of Civil Procedure. Should Nelson fail to amend on or before **June 29, 2026,** her dismissed claims shall be dismissed with prejudice without further notice.

This the 15th day of June, 2026.

_____
**UNITED STATES DISTRICT COURT JUDGE**