**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JONIKA K. NELSON &**
**TRUSTMARK BANK** **PLAINTIFFS**

**V.** **NO. 4:26-CV-17-RPC-DAS**

**ALLSTATE VEHICLE & PROPERTY**
**INSURANCE COMPANY** **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Allstate Vehicle and Property Insurance Company's ("Allstate") Motion to Dismiss Certain Counts in Plaintiff Jonika K. Nelson's Third Amended Complaint [Doc. 43]. The Court, having considered the briefs of the parties and the applicable law, finds that the Motion should be **GRANTED in part** and **DENIED in part** for the reasons outlined below.

**FACTS AND PROCEDURAL HISTORY**

On November 17, 2024, a fire occurred at Nelson's home located at 813 Cannon Street in Greenville, Mississippi, resulting in a total loss of the property and its contents. Smoke was observed coming from the attic or upper area of the home and emergency services were contacted. Nelson, who was in Chicago visiting family at the time of the fire, maintained homeowner's insurance through Allstate and promptly filed a claim following the fire.

Nelson contends that she fully cooperated with Allstate's subsequent investigation, providing all requested information and documentation, including travel-ticket records showing that she was not at the property when the fire occurred. On April 17, 2025, Nelson and Jerome Cross were examined under oath by Allstate regarding the fire. Both testified about the attic area

of the home and their access to it prior to the fire.[1] Nelson also testified that the attic stairs were weak and unstable, and that Cross could not access the attic due to physical limitations. Nelson further testified regarding prior electrical problems within the home including flickering and failing lights and issues requiring attention to, or the resetting of, the breaker box. According to Nelson, despite her cooperation, Allstate denied Nelson's claim based on allegations of arson and/or intentional destruction of the property, as well as alleged misrepresentations. Following the denial of coverage, Trustmark Bank ("Trustmark"), which holds a valid lien on the property pursuant to the Mortgagee Clause in the homeowner's policy, filed suit against Nelson in the Circuit Court of Washington County to quiet title and to judicially foreclose on the property.[2] On December 31, 2025, Nelson filed suit against Allstate in the Washington County Circuit Court.[3] In her Complaint, Nelson alleged that Allstate "incorrectly, negligently, and unfoundedly" denied payment of proceeds under the homeowner's insurance policy, thereby breaching its obligations and causing her injury and damage. [Doc. 2]. On February 11, 2026, Allstate removed the action to this Court.

On March 17, 2026, Nelson filed an Amended Complaint [Doc. 12] against Allstate asserting claims for breach of contract, bad faith refusal to pay, negligence and gross negligence, and seeking punitive and emotional distress damages. *Id*. Nelson alleged that, despite her cooperation and the existence of coverage under the policy, Allstate, without a reasonably arguable

---

[1] Jerome Cross's significance and involvement in this matter is unclear. Nelson fails to identify his relation to her; however, the Court assumes, based on the facts alleged, that Cross was living in the home with Nelson. Nelson does not state whether Cross was at the home when the subject fire occurred.

[2] *See* ***Trustmark Bank v. Jonika K. Nelson & the Unknown Heirs of Annie Mae Walker, Deceased***, in the Circuit Court of Washington County bearing Cause No. 2026-0059.

[3] Allstate Insurance Company, as opposed to Allstate Vehicle and Property Insurance Company, was also named as a party in the suit but was dismissed on March 3, 2026. *See* [Doc. 8].

basis and without conducting a reasonable investigation, wrongfully denied her claim based upon allegations of arson and/or intentional destruction of the property, and that Allstate's conduct was intentional, grossly negligent, and in reckless disregard of her rights. *Id*.

On March 31, 2026, Allstate moved to dismiss certain counts of the Amended Complaint, seeking dismissal of Nelson's extracontractual claims. [Doc. 14]. Specifically, Allstate sought dismissal of Nelson's bad faith, negligence, and gross negligence claims along with her requests for emotional distress and punitive damages, contending that the claims should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). In response, on April 21, 2026, Nelson moved to join Trustmark Bank as a required party and to remand the action to state court, arguing that Trustmark, as the mortgagee, held an interest in the matter requiring its joinder under Rule 19 of the Federal Rules of Civil Procedure. [Doc. 18]. On June 2, 2026, the Court granted the motion in part and denied it in part, finding that Trustmark was in fact a required party under Rule 19(a)(1)(A) and 19(a)(1)(B)(ii) by virtue of its status as mortgagee, and directing Nelson to join Trustmark accordingly. The Court denied Nelson's request for remand, however, finding that Trustmark's proper alignment as a plaintiff would preserve the Court's subject matter jurisdiction under 28 U.S.C. § 1332.

On June 15, 2026, the Court granted in part and denied in part Allstate's motion to dismiss. *See* [Doc. 34]. The Court dismissed Nelson's bad faith, gross negligence, and punitive damages claims without prejudice, and dismissed her negligence claim with prejudice for failure to state a claim. Nelson's claim for emotional distress damages survived as did her breach of contract claim. The Court also granted Nelson fourteen days to amend her complaint. *Id*.

On June 29, 2026, Nelson filed her Third Amended Complaint, joining Trustmark Bank as a required party and asserting claims against Allstate for: (1) breach of contract; (2) bad faith

refusal to pay; and (3) gross negligence/reckless disregard, along with requests for punitive and emotional distress damages. [Doc. 40]. Nelson contends that Allstate denied her claim without a reasonably arguable or legitimate basis. According to Nelson, the denial was made despite Allstate's knowledge of fact that she was not at home at the time of the fire and the fire marshal's report, which identified the cause of the ignition as "under investigation" and was inconclusive as to arson. *Id*. at ¶30. Nelson argues that the fire marshal's report also identified facts consistent with a non-intentional or electrical cause and did not determine that Nelson intentionally set the fire or caused the fire to be intentionally set. *Id*. at ¶28. In addition, Nelson argues that Allstate's failure to treat the matter as a criminal arson matter while simultaneously using arson or incendiary allegations to deny her claim also supports her contention that Allstate acted in bad faith in its denial of her claim.

Allstate now moves to dismiss Nelson's bad faith and gross negligence/reckless disregard claims, maintaining its position that Nelson has only alleged facts to sustain her breach of contract claim. According to Allstate, Nelson incorrectly assumes that merely because there is evidence of a breach of contract, it necessarily means that Allstate acted in bad faith. Allstate therefore contends that Nelson's extracontractual claims are subject to dismissal pursuant to Rule 12(b)(6).

## <u>STANDARD OF REVIEW</u>

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." ***Pryor v. Gregory***, No. 3:25-CV-237-RPC-JMV, 2026 WL 1180477, *1 (N.D. Miss. Apr. 30, 2026) (citations omitted). The Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. ***Id***. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." ***Sanders v. Allstate Vehicle & Prop. Ins. Co.***, No. 4:22-CV-164-DMB-DAS, 2023 WL 2543160, *1 (N.D. Miss. Mar. 16, 2023) (quoting ***Henley v. Biloxi H.M.A., L.L.C.***, 48 F.4th 350, 353 (5th Cir. 2022)). "[T]he Court will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." ***Triumph Church of God in Christ v. Church Mut. Ins. Co.***, No. 5:21-CV-6-KS-JCG, 2021 WL 1519510, *1 (S.D. Miss. Apr. 16, 2021). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." ***Id***.

## ANALYSIS

### I. Bad Faith Refusal to Pay

Under Mississippi law, "[a] party seeking to establish a bad faith claim has a heavy burden of proof." ***Gore, Kilpatrick & Dambrino, PLLC v. Spinnaker Ins. Co.***, 4:25-CV-107-DMB-DAS, 2026 WL 915742, *6 (N.D. Miss. Mar. 31, 2026). "[B]ad faith implies the conscious doing of a wrong because of dishonest purpose or moral obliquity" and requires a showing of "more than bad judgment or negligence." ***Nelson v. Allstate Prop. & Cas. Ins. Co.***, No. 5:23-CV-95-DCB-LGI, 2024 WL 965615, *2 (S.D. Miss. Mar. 6, 2024) (internal citations omitted). Thus, to prevail under this heightened standard, Nelson must show that Allstate "lacked an arguable or legitimate basis for denying the claim, or that [Allstate] committed a willful or malicious wrong, or acted with gross and reckless disregard of her rights." ***Stokes v. Allstate Vehicle & Prop. Ins. Co.***, 4:25-CV-60-DMB-DAS, 2026 WL 353430, *6 (N.D. Miss. Feb. 9, 2026) (quotation mark omitted) (quoting ***Est. of Greenwood v. Montpelier US Ins. Co.***, 362 So. 3d 459, 464 (Miss. 2021)); *see also* ***Triumph***, 2021 WL 1519510, *2; ***Sanders***, 2023 WL 2543160 at *2. In other words, Nelson must prove that Allstate lacked an arguable or legitimate basis for denying the claim, ***and*** that the denial "resulted from an intentional wrong, insult, or abuse as well as from such gross negligence as

constitutes an intentional tort." ***Triumph***, 2021 WL 1519510 at *2 (citations omitted) (emphasis added).

An insurer is found to have lacked an arguable basis for denying a claim "if nothing legal or factual would have arguably justified its position." ***Id***. "Conversely, an insurer has an arguable reason if there is some credible evidence that supports its conclusions on the basis of which it acts." ***Id***. (internal citations omitted); *see also* ***Baker v. Allstate Indem. Co.***, No. 1:23-CV-57-SA-RP, 2024 WL 2925744, *2 (N.D. Miss. June 10, 2024) ("The Mississippi Supreme Court has held that an arguable basis is one in support of which there is some credible evidence."). "The fact that an insurer's decision to deny benefits may ultimately turn out to be incorrect does not in and of itself warrant an award of punitive damages if the decision was reached in good faith." ***Id***. Therefore, whether a plaintiff has adequately pled bad faith depends on whether the complaint alleges specific facts that plausibly undermine the insurer's asserted basis for denying coverage. Allegations amounting only to legal conclusions or disagreement with the insurer's decision are insufficient. *See* ***Stokes***, 2026 WL 353430, at *7 (finding that the complaint failed to allege any facts to support plaintiff's conclusory assertions); ***Smothers v. Allstate Prop. & Cas. Ins. Co.***, 1:20-CV-127-SA-DAS, 2021 WL 707177, *2 (N.D. Miss. Feb. 23, 2021) (finding that despite plaintiff stating in conclusory fashion that the insurer failed to negotiate in good faith, the complaint contained no specific facts to support that legal conclusion.).

In the present case, Allstate seeks dismissal of Nelson's bad faith claim, arguing that Nelson's factual allegations support only her claim for breach of contract and do not support her contention that Allstate acted in bad faith by failing to properly investigate and denying her claim without a reasonable basis. *See* [Doc. 52]. In her amended complaint, Nelson specifically alleges that Allstate acted in bad faith when it ignored, minimized, or failed to give fair weight to facts

showing that: (1) she was not at the property when the fire occurred, (2) that she cooperated with its investigation, and (3) that she provided sworn testimony and documentation inconsistent with Allstate's arson theory. *See* [Doc. 40 at ¶41]. She further contends that Allstate's denial was unsupported because it ignored, minimized, or failed to give fair weight to the fire report's inconclusive determination as to arson and its references to electrical arcing and an arc or spark from operating equipment." *Id*. at ¶42.

The Court finds that, at this stage, Nelson has presented sufficient facts to support her bad faith claim against Allstate. Courts in Mississippi have consistently held that, at the Rule 12(b)(6) stage, factual allegations like those Nelson presents, which contradict or undermine an insurer's stated basis for denial, are sufficient to sustain a claim of bad faith. For example, in ***Triumph Church of God in Christ v. Church Mutual Insurance Co.***, 2021 WL 1519510, *1, an insurance dispute arose after the plaintiff's church building collapsed. Following the collapse, plaintiff filed a claim with its insurer for the loss. ***Id***. The insurer then retained an adjuster and engineering firm to investigate and evaluate the claim. ***Id***. The plaintiff, in turn, retained its own independent adjuster, who also investigated the collapse and provided an estimate to the insurer. ***Id***. After receiving that estimate, the insurer sent plaintiff a denial letter, stating that the loss was not covered under its policy. ***Id***. Following the denial, plaintiff's independent adjuster re-inspected the property and disagreed with the insurer's assessment of plaintiff's damages. ***Id***. Plaintiff also retained an engineer, who determined that the "collapse was caused by the failure of individual members in the roof truss framing, which caused the perimeter walls to bow out and crack." ***Id***. The insurer ignored the information provided by plaintiff's adjuster and engineer, relying instead relied on its expert's opinions. ***Id***.

Plaintiff sued the insurer for breach of contract in bad faith and sought actual damages, fees, costs, and punitive damages. The insurer moved to dismiss plaintiff's bad faith and extra-contractual damages claims, arguing that the allegations described only "a case of dueling adjusters and engineers who reached different conclusions," which was "not enough to support a legally cognizable claim of bad faith." ***Id***. at *2. In response, plaintiff argued that:

> [Insurer's] experts did not conduct any additional inspections of the property after receiving a report from Plaintiff's independent engineer. Plaintiff further alleged that [the insurer] ignored the information provided by the Plaintiff and its public adjuster, and chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiff's claim.

***Id***. (citations omitted). The district court denied the insurer's motion to dismiss finding that plaintiff's allegations were sufficient to state a plausible bad faith claim regarding the investigation of plaintiff's claim. ***Id***. The court held that plaintiff had pled sufficient factual detail at the motion to dismiss stage because it "alleged that it provided information in support of its claim to [the insurer], that [the insurer] ignored that information, and that [the insurer] relied solely on its own retained experts' opinions in support of denial." ***Id***. at *3.

The district court reached a similar conclusion in ***Williams v. Allstate Indemnity Co.***, No. 4:22-CV-79-DMB-DAS, 2022 WL 17254306, *3 (N.D. Miss. Nov. 28, 2022), where the insurer denied coverage for fire damage to plaintiff's property after concluding that the fire was the result of vandalism and the loss could not be covered because the home had been unoccupied for more than 90 consecutive days immediately prior to the vandalism. ***Id***. at *2. Following the denial, plaintiff sued the insurer for bad faith alleging that despite evidence that the property was not vacant, the insurer denied his claim on the basis that the policy did not provide coverage for vandalism if the property had been vacant for ninety days prior to the vandalism. ***Id***. The court found that because plaintiff provided the court with evidence that the property was in fact occupied

ninety days before the fire, he had provided a factual basis to question Allstate's alleged arguable basis for denying coverage. ***Id***. at *3. Accordingly, the court denied the motion to dismiss finding that plaintiff's complaint plausibly alleged that no arguable basis existed.

This Court finds that Nelson's allegations are adequate, just as those provided by the plaintiffs in ***Triumph*** and ***Williams***, to sustain her bad faith claim at the Rule 12(b)(6) stage. In ***Williams***, the insurer's stated basis for denial was directly and sufficiently contradicted by evidence plaintiff furnished prior to the denial, which was ignored by the insurer. ***Williams***, 2022 WL 17254306 at *2. In ***Triumph***, the plaintiff presented evidence to the insurer that contradicted its stated basis for denial and the insurer ignored such evidence, choosing to rely on its own experts reports and opinions. ***Triumph***, 2021 WL 1519510 at *2. In evaluating plaintiff's bad faith claim, the Court determined that the facts as alleged contradicted the insurer's stated basis for denial and sufficiently provided a factual basis for the bad faith claim.[4] *See also* ***Loshelder v. Allstate Prop. & Cas.***, 820 F. Supp 3d 440, 444-45 (S.D. Miss 2026).

Further, this case is distinguishable from the facts presented in ***Hibbets v. Lexington***, 377 Fed. Appx. 352, 354 (5th Cir. 2010), in which the Fifth Circuit determined that the appellants had failed to provide any specific factual allegations to support their bad faith claim against the insurer The Fifth Circuit described the appellants' allegations as "nothing more than labels and conclusions and a recitation of the language of the statutes" appellants claimed were breached. ***Id***. at 356.

---

[4] The Court notes that in its previous Memorandum Opinion and Order [Doc. 33], the Court dismissed Nelson's bad faith claim without prejudice, after distinguishing her allegations from those in ***Williams***, 2022 WL 17254306, at *3, and determining that she had failed to plead facts sufficient to question Allstate's arguable basis for its coverage decision. Although the Court continues to rely on ***Williams*** in the present Order, denying dismissal of Nelson's bad faith claim, it does so because Nelson has since filed a Third Amended Complaint [Doc. 40], that amends her factual allegations to address the very deficiencies the Court identified in distinguishing ***Williams*** the first time. Having reviewed the amended factual allegations, the Court finds them sufficient to survive Rule 12(b)(6) scrutiny.

Here, taking all allegations provided in Nelson's complaint as true, Allstate based its denial of Nelson's claim on "arson and/or intentional destruction of the property." Nelson contends however that Allstate arbitrarily reached this decision despite having knowledge of: (1) the home's pre-fire electrical problems, (2) the fire marshal's report, and (3) the undisputed fact that she was out of town when the fire occurred. *See* [Doc. 40]. The fire marshal's report did not determine whether Nelson intentionally set the fire or whether she caused the fire to be intentionally set. *See* [Doc. 40 at ¶28]. While the fire marshal's report does not concretely conclude that the fire was accidental or electrical in origin either, it does identify facts "consistent with" a non-intentional or electrical cause. *See* [Doc. 40 at ¶32]. The report also left the cause of ignition as "under investigation." *See* [Doc. 40 at ¶31]. Further, Nelson denies the allegation. The Court finds that Nelson has therefore alleged sufficient facts which contradict Allstate's basis for denial and questions whether the basis was supported by credible evidence. Allstate's request for dismissal is therefore **DENIED**.[5]

### II. Gross Negligence/Reckless Disregard

"The Mississippi Court of Appeals has defined gross negligence as that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." ***Cook v. Allstate Vehicle & Prop. Ins. Co.***, 1:24-CV-148-GHD-DAS, 2024 WL 4594233, *2 (N.D. Miss. Oct. 28, 2024). To survive dismissal, a plaintiff bears the burden of showing that the defendant "acted willfully, wantonly, or with reckless disregard of the consequences to the plaintiff." ***Id***. at *3. "Merely reciting the words,

[5] At the Rule 12(b)(6) stage, in comparison to the Rule 56 summary judgment standard, a claim need only be plausible on its face. ***Triumph***, 2021 WL 1519510, *1 ("the complaint's factual allegations must be enough to raise a right to relief above the speculative level."). The Court therefore finds only that Nelson has plead sufficient factual detail to satisfy this pleading standard. This finding is limited to the Rule 12(b)(6) posture of the case and should not be construed as a finding under Rule 56 or as a determination on the merits of Nelson's claim.

grossly negligent, in the Complaint is insufficient to survive a Rule 12(b)(6) motion under ***Twombly***[6], ***Iqbal***[7], and their progeny." ***Luckett v. Allstate Indem. Co.***, No. 3:18-CV-00275-HTW-LRA, 2019 WL 1447477, *9 (S.D. Miss. Mar. 30, 2019); *see also* ***Deloach v. Allstate Vehicle & Prop. Ins. Co.***, No. 4:18-CV-141-DMB-RP, 2019 WL 1440298, *4 (N.D. Miss. Mar. 29, 2019) ("Conclusory allegations of gross negligence are insufficient to establish liability against an insurer."). Nelson claims that Allstate's conduct was grossly negligent, willful, wanton, and/or committed in reckless disregard of her rights because Allstate knew or should have known that its "denial of a total or substantial fire loss involving a mortgaged home, without paying the mortgagee interest, would foreseeably expose Nelson to foreclosure litigation and threatened loss of her home." *See* [Doc. 40 at ¶90]. She further alleges that Allstate denied her claim and refused to pay Trustmark Bank's mortgagee interest despite having facts which undermined its arson and misrepresentation positions. *Id*. at ¶91. Although Nelson characterizes Allstate's conduct as grossly negligent, willful, wanton, and reckless, the factual allegations underlying this claim are identical to those supporting her breach of contract and bad-faith claims. Nelson's complaint does not identify any separate conduct constituting an independent tort of gross negligence apart from Allstate's denial of the insurance claim. *See* ***Deloach***, 2019 WL 1440298 at *4 ("As to gross negligence, the complaint offers nothing but conclusory assertions that the drafting and collection activities following the loss were grossly negligent."). While the allegations of gross negligence/reckless disregard are, for pleading purposes, sufficient to support Nelson's bad faith

---

[6] ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[7] ***Ashcroft v. Iqbal***, 555 U.S. 1030, 129 S. Ct. 618, 172 L. Ed. 2d 454 (2008).

claim, as stated above, they are not sufficient to support this alleged separate claim regarding failure to pay Trustmark Bank.[8]

Accordingly, Allstate's motion to dismiss Nelson's separate, stand-alone, gross negligence/reckless disregard claim is **GRANTED**.

### III. Damages Claims

#### A. Emotional Distress

Nelson also seeks emotional distress damages arising from Allstate's alleged breach of contract and bad faith conduct. Nelson contends that, as a result of Allstate's conduct, she suffered emotional distress, mental anguish, and other non-economic damage. To recover damages for emotional distress, Nelson "must show (1) that mental anguish was a foreseeable consequence of the particular breach of contract, and (2) that [ ] she actually suffered mental anguish." ***Cook***, 2024 WL 4594233 at *3. "Before [the] court can conduct that analysis, however, there must be a valid breach of contract." ***Id***. Because Allstate's alleged breach of contract has not yet been adjudicated, it would be premature to dismiss the claim at this stage. ***Id***. ("Defendants alleged breach of contract has not been proven; therefore, it is too early at this juncture to dismiss Plaintiff's contention of emotional distress damages."). Accordingly, Allstate's motion to dismiss Nelson's emotional distress claim is **DENIED** as premature.

#### B. Punitive Damages

Nelson also seeks punitive damages based upon her bad-faith allegations. "An insured is only entitled to punitive damages if an insurer denied or delayed payment on a claim in bad faith."

[8] This would ostensibly be Trustmark's claim. As noted in Plaintiff's Memorandum [Doc. 19] supporting her Motion to Join Trustmark Bank as a Required Party under Rule 19 and to Remand, "[t]he Policy contains a mortgage provision creating independent rights in favor of Trustmark, including protection of the mortgagee's interest…." [Doc. 19, ¶ 5].

***Triumph***, 2021 WL 1519510 at *2. Additionally, "success on the underlying breach of contract claim is a condition precedent to recovering on a bad faith claim." ***Id.***

Based on the Court's finding that Nelson's bad faith claim survives, dismissal of Nelson's request for punitive damages would be premature. Accordingly, Allstate's motion to dismiss Nelson's punitive damages claim is also **DENIED** as premature.

## CONCLUSION

For the foregoing reasons, Allstate's Motion to Dismiss is **GRANTED in part and DENIED in part**. Specifically, Nelson's gross negligence claim is **DISMISSED** ***with prejudice*** for failure to state a claim. Allstate's motion to dismiss Nelson's request for emotional distress and punitive damages is **DENIED** as premature. Allstate's motion to dismiss Nelson's bad faith claim is **DENIED**. Allstate did not challenge Nelson's breach of contract claim in its motion.

SO ORDERED, this the 25th day of August, 2026.

Robert P. Chamberlin

**UNITED STATES DISTRICT JUDGE**